# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCOTT A. WILLIAMS,
        Plaintiff.

    v.                                            Case No. 06C1051

MATTHEW FRANK,
ROBERT HUMPHREYS,
BRAD HOMPE, CAPTAIN ALDANA,
LT. CAIRA, TERESA WIEGAND,
RICK RAEMISCH, SANDRA HAUTAMAKI
and BRENDA LaBELLE,
        Defendants.

## DECISION AND ORDER

Plaintiff Scott A. Williams, who is incarcerated at the Racine Correctional Institution ("RCI"), lodged a pro se a civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis and his "Application for Preliminary Injunction and Temporary Restraining Order." Both requests will be addressed herein.

### I. PETITION TO PROCEED IN FORMA PAUPERIS

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly

deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $14.42.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In

2

reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

At all relevant times, plaintiff was incarcerated at the RCI. The named defendants are: the Secretary of the Department of Corrections ("DOC") Matthew Frank[1]; RCI Warden

---

[1] Plaintiff incorrectly lists the Secretary of the Department of Corrections as "Matthew Franks." The court has sua sponte corrected the misspelled name in the caption of the

3

Robert Humphreys; RCI Assistant Warden Brad Hompe; Captain Aldana; Lt. Caira; RCI unit manager Teresa Wiegand; and RCI correctional complaint examiners Rick Raemisch[2], Sandra Hautamaki and Brenda LaBelle.

The complaint alleges that on August 11, 2006, plaintiff was informed by Lt. Caira that a no-contact order had been issued by RCI at the request of Tom and Vicki Thiery, his son's guardians and the parents of his "future wife," Julie Thiery. Pursuant to the no-contact order, plaintiff was prohibited from contacting the Thierys, his son or his future wife through written letters, phone calls or a third party. Plaintiff contends that such order was issued without a hearing or court order and that he was told he would be subject to disciplinary action if he violated the order. All of plaintiff's administrative challenges and informal inquiries relating to the no-contact order were rejected by the various defendants. According to the plaintiff, the defendants' imposition and enforcement of the no-contact order amount to a violation of his Fourteenth Amendment equal protection and due process rights and his Eighth Amendment right to be free from cruel and unusual punishment.

**A. Fourteenth Amendment Claims**

Plaintiff's entire equal protection claim under the Fourteenth Amendment consists of the following assertion: "Plaintiff was denied equal protection by the defendants taking action on this matter, without proper jurisdiction, the DOC has acted as a Court and has taken away my parental rights." To comply with equal protection, governmental entities are generally required to treat all similarly-situated persons in a similar manner. City of Cleburne

---

complaint.

[2] Plaintiff also misspelled Rick Raemisch's name in the caption of the complaint as "Raemishsch." This too, has been corrected by the court.

v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). In equal protection analysis, the level of scrutiny the court applies to a government action varies depending upon whether the plaintiff is a member of a suspect class, or whether a fundamental right is at stake. Id. Prisoners do not constitute a suspect class and thus, state actions concerning prisoners as a group are generally not entitled to heightened scrutiny. Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir. 1990).

However, "class of one" equal protection claims arise without regard to protected-class status where the plaintiff "has been intentionally treated differently from others similarly situated and . . . there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). In the Seventh Circuit, "class of one" claims under § 1983 require the plaintiff to "present evidence that the defendant deliberately sought to deprive him of the equal protection of the law for reasons of a personal nature unrelated to the duties of the defendant's position." Hilton v. City of Wheeling, 209 F.3d 1005, 1008 (7th Cir. 2000). A class of one plaintiff must show that "the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus toward the plaintiff by the defendants." Id.

In the instant case, plaintiff is not alleging that his equal protection rights were violated as a result of discriminatory treatment on the part of the defendants. Rather, his claim is that his equal protection rights were violated because the DOC lacks jurisdiction to enforce the no-contact order and it "acted like a court." Such allegations do not implicate the equal protection clause of the fourteenth amendment. Thus, plaintiff's equal protection claim will be dismissed pursuant to 28 U.S.C. § 1915A(b).

Next, plaintiff claims that defendants violated his due process rights by issuing the no-contact order without providing him with an attorney, a hearing before a judge, written notice of a hearing or an investigation. The court construes the plaintiff's assertion as raising a procedural due process argument. To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself. See Sandin v. Connor, 515 U.S. 472, 483-84 (1995). "[T]oday, a prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Lekas v. Briley, 405 F.3d 602, 608 (7th Cir. 2005) (quoting Sandin, 515 U.S. at 483-84). "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." Lekas, 405 F.3d at 608. Once an individual claiming a due process violation establishes that he has a protected interest, the court must determine what procedural safeguards are required to protect that interest.

The allegations of plaintiff's complaint suggest that he had a protected interest in maintaining contact with his son and "future wife." The United States Supreme Court has recognized that "[p]arents have a liberty interest protected by the Constitution, in having a reasonable opportunity to develop close relations with their children." Hodgson v. Minnesota, 497 U.S. 417, 483 (1990); see also Harris v. Donahue, 175 Fed. Appx. 746, 747, 2006 WL 925044 (Mar. 24, 2006). Further, the Court of Appeals for the Seventh Circuit has not expressly determined whether a prisoner has a liberty interest that encompasses a limited right to make or receive prison visits involving family members, but it has noted that

6

a liberty interest is "conceivable." Arsberry v. Illinois, 244 F.3d 558, 565 (7th Cir. 2001), citing Mayo v. Lane, 867 F.2d 374, 375-76 (7th Cir. 1989); Mejia v. Ruffin, No. 03-C-3009, 2004 U.S. Dist. LEXIS 2301, at *8-10 (N.D. Ill. Feb. 12, 2004) (discussing possible liberty interest in visitation rights with respect to inmate's fiancée).

Thus, at this stage of the proceedings, the plaintiffs' contention that an order depriving him of contact with his son and future wife was imposed without notice, a hearing, or an investigation arguably states a procedural due process claim.

**B. Eighth Amendment Claim**

Plaintiff claims that the imposition and enforcement of the no-contact order with respect to his son and fiancée rises to the level of cruel and unusual punishment. To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that deprives the inmate "the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Only extreme deprivations will support an Eighth Amendment claim. Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001). Prison officials are deliberately indifferent to deprivations suffered by inmates if they have knowledge of the condition but refuse to take steps to correct it. Dixon v. Godinez, 114 F.3d 640, 645 (7th Cir. 1997).

While regulations restricting inmate access to visitors are not per se violations of the Eighth Amendment, the United States Supreme Court has held that restrictions on all visitation privileges that are permanent or that are applied in an arbitrary manner to a particular inmate may invoke the Eighth Amendment. Overton v. Bazzetta, 539 U.S. 126,

7

137 (2003); see also Mejia, 2004 U.S. Dist. LEXIS 2301, at *10-11 (stating that if visitation restrictions were applied in an arbitrary manner to a particular inmate, there may be a cause of action under the Eighth Amendment). Because the Court in Overton did not foreclose all Eighth Amendment claims based on the denial of visitation privileges, I am unwilling at this time to conclude that the plaintiff's allegations fail to state an Eighth Amendment claim.

## II. APPLICATION FOR PRELIMINARY INJUNCTION AND TRO

Plaintiff seeks an order "prevent[ing] the defendants from denying the Plaintiff from contacting his son, his soon to be wife, or any other person that the Plaintiff does not have a no contact order against from a Court of law." (Plaintiff's Application for Preliminary Injunction at 2.) The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. Id. The court also must consider the effect of the injunction on nonparties. Id.

Plaintiff's request for injunctive relief against the defendants basically restates the allegations of the complaint. Although these allegations are serious, at this point, they are merely allegations. The plaintiff has not provided the court with the requisite proof necessary to show that he has a reasonable likelihood of prevailing on the merits. Accordingly, the plaintiff's application for a preliminary injunction and temporary restraining order will be denied.

8

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's "Application for Preliminary Injunction and Temporary Restraining Order" is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's equal protection claim is dismissed pursuant to 28 U.S.C §§ 1915A(b).

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $335.58 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

9

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 8 day of November, 2006.

/s
LYNN ADELMAN
District Judge