# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCOTT A. WILLIAMS,
                **Plaintiff.**

      **v.**                                  **Case No. 06C1051**

MATTHEW FRANK,
ROBERT HUMPHREYS,
BRAD HOMPE, CAPTAIN ALDANA,
LT. CAIRA, TERESA WIEGAND,
RICK RAEMISCH,SANDRA HAUTAMAKI
and BRENDA LaBELLE,
                **Defendants.**

## ORDER

On October 10, 2006, plaintiff Scott A. Williams, who was then incarcerated at the Racine Correctional Institution, lodged a pro se a civil rights complaint under 42 U.S.C. § 1983.  By order of November 8, 2006, the court granted plaintiff's petition to proceed in forma pauperis.  Thereafter, by order of November 22, 2006, the court screened plaintiff's amended complaint, which is the operative complaint in this action, and concluded that the pleading arguably stated an Eighth Amendment claim, a First Amendment claim and Fourteenth Amendment due process and equal protection claims.  Presently before the court is the plaintiff's "Motion for an Order Compelling Discovery."

In his motion, plaintiff seeks an order compelling "Defendants to answer fully interrogatories numbers 10, 13, 15, 16, 17 and 33" which were served on the defendants on January 22, 2007.  Plaintiff contends that an order compelling discovery is warranted because defendants have not provided answers to these interrogatories.  The plaintiff did not file a brief with his motion nor did he attach copies of his interrogatories despite

indicating in his motion that copies of the interrogatories were attached. Nevertheless, the defendants' letter response to the plaintiff's motion includes a copy of the interrogatories and the defendants' responses thereto which were sent to the plaintiff on February 27, 2007.[1]

Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). And according to Civil Local Rule 37.1:

> All motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

The defendants' discovery motion was not accompanied by the written statement contemplated under Civil Local Rule 37.1. While the plaintiff did submit a copy of a letter to the defendants' attorney concerning the interrogatories, the letter was dated February 2, 2007, which was before the defendants served their responses to the interrogatories on the plaintiff. Because the court is unable to establish that the parties engaged in the required personal consultation or attempted to resolve their differences without court involvement,

---

[1] Originally, the defendants sent their responses to the interrogatories to the plaintiff at the Racine Correctional Institution on February 22, 2007, because they were not aware that the plaintiff had been released.

2

court action would be premature at this time.[2]  Moreover, the plaintiff failed to file a brief

with his motion or a certificate stating that no brief would be filed as required under Civil

Local Rule 7.1(a).  As a result, the court is permitted to deny the motion as a matter of

course.  Civ. L. R. 7.1(a) (E.D. Wis.).

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's "Motion for an Order Compelling Discovery" is

**DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 18 day of April, 2007.

/s_____
LYNN ADELMAN
District Judge

---

[2] Now that the plaintiff has been released from custody, requiring the parties to personally consult is not an unduly burdensome obligation.  Indeed, personal consultation between the parties in this case may be especially beneficial because a review of the relevant interrogatories reveals that most of the interrogatories at issue were objected to by the defendants on the ground that they were confusing or vague and therefore defendants were unable to fashion an appropriate response.

Case 2:06-cv-01051-LA   Filed 04/19/07   Page 3 of 3   Document 29