UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT A. WILLIAMS,
        Plaintiff,

v.                                    Case No. 06-C-1051

MATTHEW FRANK,
ROBERT HUMPHREYS,
BRAD HOMPE, CAPTAIN ALDANA,
LT. CAIRA, TERESA WIEGAND,
RICK RAEMISCH, SANDRA HAUTAMAKI
and BRENDA LaBELLE,
        Defendants.

## ORDER

      The plaintiff, Scott Williams lodged a pro se civil rights complaint under 42 U.S.C. § 1983. By order of November 8, 2006, the court granted plaintiff's request for leave to proceed in forma pauperis and allowed him to proceed on a Fourteenth Amendment procedural due process claim and an Eighth Amendment conditions of confinement claim each stemming from the defendants' imposition and enforcement of a no-contact order relating to his son and "future wife" while Williams was incarcerated at the Racine Correctional Institution.

      On June 1, 2007, the defendants filed a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. However, that motion did not include the text to Civil L.R. 7.1, 56.1, and 56.2 as required by this district's Local Rules. See Civil L.R. 56.1 (E.D. Wis.). Thus, by order of June 6, 2007, the court provided defendants with additional time until June 18, 2007, in which to bring their motion for summary judgment into

compliance with the Local Rules. The court also directed the plaintiff to file his response to the defendants' renewed motion by July 18, 2007. The renewed motion for summary judgment curing the noted defects was filed by defendants on June 7, 2007. Court records indicate that the defendants' attorney mailed a copy of the original motion, supporting brief and affidavit and the renewed motion for summary judgment which cured the defects of the original motion to the plaintiff at the address which was on file with the court at the time.[1] A copy of the court's order of June 6, 2007, was also mailed to the plaintiff at that address.

To date, the plaintiff has not filed any response to the defendants' motion. A letter from the plaintiff was received by the court on July 23, 2007, in which the plaintiff states that he has "lost all contact" with this case. In addition, this letter reveals that plaintiff is now confined at the Racine County Jail. A second letter from the plaintiff was received by the court on July 30, 2007, in which the plaintiff requests additional time to respond to defendants' summary judgment motion.

In light of the above, the court will allow the plaintiff extra time to file a response to the defendants' motion for summary judgment, though not as much time as plaintiff has requested. Any response must be filed on or before August 30, 2007. The plaintiff is further advised that, if he fails to file any response to the defendants' motion on or before August 30, 2007, this action may be dismissed with prejudice, pursuant to Civil L.R. 41.3 (E.D. Wis.) (copy enclosed) and Fed. R. Civ. P. 41(b). The plaintiff is reminded that he is required to serve a copy of each of his submissions in this case on opposing counsel and that he is obligated to notify the Clerk's Office of any change of address.

---

[1] Prior to July 23, 2007, the address on file for the plaintiff was as follows: 1120 ½ Haeger St., Racine, Wisconsin, 53402.

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's response to the defendants' motion for summary judgment is due on or before August 30, 2007.

Dated at Milwaukee, Wisconsin, this 31 day of July, 2007.

/s
LYNN ADELMAN
District Judge

3

**Civil L.R. 41.3 Dismissal for Lack of Diligence**

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.